## U. A. Brady et al., Appellees, v. James H. Koontz, Appellant.

PARTIES—*when joinder improper.* The joinder of several parties as plaintiffs is improper if they have no joint interest in the transaction with respect to which the action is brought.

Action commenced before justice of the peace. Appeal from the County Court of Shelby county; the Hon. CALVIN GREEN, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 17, 1908.

CHAFEE & CHEW, for appellant.

F. E. LATCH, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

The appellees, U. A. Brady and Dora Brady, his wife, recovered a verdict and judgment against the appellant, James H. Koontz, in the County Court of Shelby county, for $24.91 for goods, wares and merchandise sold and for labor performed by said appellees to and for appellant.

The judgment must be reversed and the cause remanded, primarily, because there is no evidence in the case which authorizes a recovery by the appellees

jointly. The evidence in the record discloses that appellee, U. A. Brady, at the time of the transactions in question, was engaged in the business of general merchandising, and sold to appellant flour, coffee, corn, knives, plow shares, horse collars and the like, and that appellee, Dora Brady, in addition to performing the ordinary duties of a housewife, did some work in the way of sewing and making women's garments, and made skirts, waists and dresses for the children of appellant. It is not questioned but that a husband and wife may form a partnership and transact business as partners, but such relation does not exist merely by virtue of the marriage of the parties, and can only be created by special contract.

No contract partnership relation is shown to have existed between appellees. It is merely claimed on their behalf that each was interested in the work and business of the other by virtue of their relation as husband and wife. In this state of the record it is clear that appellees had no joint interest or right respecting the transactions involved as authorized their joinder as plaintiffs in the action.

The judgment of the County Court will be reversed and the cause remanded.

*Reversed and remanded.*